Parker C. J.
delivered the opinion of the Court. The first question is, was the testimony of Bannister admissible. The objection is, that the admissions and confessions proved by it, took place in a conversation relating to a proposed compromise, and for that reason, as well as because it was a confidential communication, it ought to have been rejected.
*392 The rule undoubtedly is, that an offer to pay any sum by way of compromise of a pending controversy, is not to be given in evidence against the party making it. This rule is. founded in policy, that there may be no discouragement to amicable adjustment of disputes, by a fear, that if not completed, the party amicably disposed may be injured. But this rule seems confined to the mere offer of compiomise, for it is held that any independent facts admitted during the treaty for a compromise, may be given in evidence as confessions. This limitation or exception to the rule is laid down in Starkie and Phillips, and was adopted by this Court in the case of Marsh v. Gold, 2 Pick. 285.[1]
According to this construction of the law, the offer by Sweetser to pay any sum on account of this demand, to Bannister, claiming for the creditors of French, should not have been received ; but his admission that he had received a certain sum of money on account of that claim, under the Florida treaty, his treatment of the money after he received it, and other acts respecting it tending to show that he held it as trustee of French rather than to his own use, were ad missible as facts independent of the offer to compromise. With that evidence we cannot doubt the defendant’s liability to the administrator of French, or that he would be liable to French himself, were he alive, except so far as he might have a right to retain for his own debt and expenses, and for the debts of such other creditors of French as he represented. His disposition of the money which he first received under the power of attorney, paying part to the creditors of French and part to French himself, shows clearly that he did not treat it as a purchase. His disposition of part of the sum received under the treaty is of a like character. His purchasing notes against French speaks strongly to this effect.
But it is said that by the terms of the power the assignment is absolute to the defendant, it being irrevocable and to *393 the use of the defendant. These words in a power of attorney admit of explanation, for the instrument is not a direct, but only a constructive assignment of the debt. The true intent and meaning is explained by the acts and declarations of the defendant. His assertion of right now is but feeble, relying upon the letter rather than the spirit of the instrument. To his own use undoubtedly meant, to secure or pay the debts due to the plaintiff and other creditors for whom he was the agent, but if those debts were otherwise paid, there was a resulting use to French.

Auditor appointed.

 See 2 Stark. Ev. (5th Amer. ed.) 22; Bull. N. P. 236; Sanborn v. Neilson, 4 N. Hamp. R 508; Hyde v. Stone, 7 Wendell, 354; Hartford Bridge Co. v. Granger, 4 Connect. R. 142; Fuller v. Hampton, 5 Connect. R. 417, Delogny v. Rentoul, 2 Martin’s (Lou.) R. 175; Hamblett v. Hamblett, 6 N damp. R. 342, 343; Wallace v. Small, 1 Moody & Malk. 446.